UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| TIMOTHY DODT, Derivatively On Behalf of WHITE ELECTRONIC DESIGNS CORPORATION,<br><br>              Plaintiff,<br><br>vs.<br><br>HAMID R. SHOKRGOZAR, EDWARD A. WHITE, NORMAN T. HALL, THOMAS M. REAHARD, THOMAS J. TOY, JACK A. HENRY, PAUL D. QUADROS AND WILLIAM J. RODES,<br><br>              Defendants,<br><br>- and -<br><br>WHITE ELECTRONIC DESIGNS CORPORATION, an Indiana corporation,<br><br>              Nominal Defendant. | No. CV-04-01674-PHX-NVW<br><br><u>DERIVATIVE ACTION</u><br><br>FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT |

        This matter came before the Court for hearing pursuant to an Order of this Court, dated January 26, 2007, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation and Agreement of Settlement dated December 13, 2006 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed and good cause appearing therefore,

        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Derivative Action and over all parties to the Settlement, including nominal defendant White Electronic Designs Corporation ("WEDC" or the "Company").

3. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and in the best interests of, WEDC and all shareholders of WEDC. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Derivative Plaintiff on behalf of WEDC, the Defendants and WEDC. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

4. Upon the Effective Date, Derivative Plaintiff, WEDC, and each of the Current WEDC Shareholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons.

5. Derivative Plaintiff, WEDC and each of the Current WEDC Shareholders, are hereby forever restrained and enjoined from prosecuting, pursuing, or litigating any of the Released Claims against any of the Released Persons in this or any other forum.

6. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Derivative Plaintiff and Derivative Plaintiff's Counsel from all derivative claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Action or the Released Claims except for obligations imposed by the Stipulation in connection with the settlement of the Derivative Action.

7. The distribution of the Notice of Proposed Settlement and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Derivative Settlement and Providing for Notice constituted the best notice practicable under the circumstances. Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23.1, the requirements of due process, and any other applicable law.

8. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) are or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Stipulation and/or Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Notwithstanding the foregoing, nothing herein shall form the basis of a justification for a defense or counterclaim based on principles of *res judicata* as between any of the Released Persons.

9. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) all parties hereto for the purpose of construing, enforcing and administering the Stipulation; and (c) any other matter related or ancillary thereto.

10. The Court finds that during the course of the Derivative Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

11. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

Dated this 10th day of May 2007.

_____
Neil V. Wake
United States District Judge